[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit
No. 98-1671

JOHN CANTY,

Plaintiff, Appellant,

v.

JANIS M. LARHETTE, ETC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Stahl, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

John Canty on brief pro se.
Philip T. McLaughlin, Attorney General, and Daniel J. Mullen, Senior Assistant Attorney General, on brief for appellees Janis Larhette and Howard Zibel.
James B. Kazan and Normand & Shaughnessy, P.A. on brief for appellees L. David Vincola and N.L. Vincola.

February 25, 1999

Per Curiam. Having carefully reviewed the record in
this case, including the briefs of the parties, we affirm the
dismissal of appellant's claims, although for reasons somewhat
different from those relied upon below.
First, we find all of Canty's claims for damage
relief to be barred by the doctrine of Rooker-Feldman. Each of
these claims is predicated on an alleged injury which arises
out of Canty's eviction. Since that eviction was upheld by the
judgment of the state court, Canty's "federal claim [for damage
relief] succeeds only to the extent that the state court
wrongly decided the issue before it and hence is "inextricably
intertwined" with the state court judgment. Pennzoil Co. v.
Texaco, Inc., 481 U.S. 1, 25 (Marshall, J., concurring); see,
e.g., Garry v. Geils, 82 F.3d 1362, 1367 (7th Cir. 1996)
("defendant who has lost in state court and sues in federal
court . . . asserts injury at the hands of the court and . . .
suit therefore is an effort to obtain collateral review");
Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995) (suit
against deputy for enforcing court order is "just a way to
contest the order itself" and thus barred by Rooker-Feldman). 
Arguably, Canty is correct in his contention that his
claims for declaratory and injunctive relief are general
constitutional challenges to a state statute and hence not
barred by the Rooker-Feldman doctrine. See Schneider v.
Colegio de Abogodos de Puerto Rico, 917 F.2d 620, 628 (1st Cir.
1990) (Rooker-Feldman does not bar facial challenges to state
statutes). Nevertheless, absent an allegation of injury from
the eviction--allegations as we have just indicated which are
barred by the Rooker-Feldman doctrine--Canty fails to show the
concrete injury necessary to establish his standing to seek
injunctive or declaratory relief. See Berner v. Delahanty, 129
F.3d 20, 24 (1st Cir. 1997) (party seeking solely injunctive or
declaratory relief only has standing to pursue his claim if he
can show, inter alia, invasion of legally protected concrete
interest), cert. denied, 118 S. Ct. 1305 (1998); see alsoLanders Seed Co., Inc. v. Champaign Nat. Bank, 15 F.3d 729, 732
(7th Cir.) (absent claim for damages, plaintiff lacks standing
to sue for declaratory and injunctive relief; however, pursuing
damages essentially asks court to invalidate state court
judgment and hence is barred by Rooker-Feldman), cert. denied,
513 U.S. 811 (1994).
Finally, even if we assume arguendo that Canty was
able to reserve his federal claims in state court under the
doctrine of England v. Louisiana State Bd. of Medical
Examiners, 375 U.S. 411 (1964), we nonetheless find,
essentially for the reasons given by the court in Szoke v.
Carter, 974 F. Supp. 360, 366 (S.D.N.Y. 1997), that the Englandreservation does not overcome a Rooker-Feldman jurisdictional
bar in this case.
Affirmed. See 1st Cir. Loc. R. 27.1.